IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2007

Charles R. Fulbruge III
Clerk

No. 07-60013

NORRIS EDWARDS SMITH

Plaintiff-Appellant

v.

ALLSTATE INDEMNITY COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:05-CV-658

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This insurance case involves the issue of whether the plaintiff's homeowner's insurance policy covers damages resulting from storm surge caused by Hurricane Katrina. The district court concluded that the policy did not cover such damages. Based on recent Circuit precedent, Tuepker v. State Farm Fire & Cas. Co., No. 06-61075, __ F.3d __, 2007 WL 3256829 (5th Cir. Nov. 6, 2007), we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. BACKGROUND FACTS

On August 29, 2005, the Pascagoula, Mississippi home of Norris Edwards Smith ("Smith") suffered extensive damage as a result of Hurricane Katrina. The dwelling was insured by a homeowner's insurance policy issued by Allstate Indemnity Company ("Allstate"). The policy contains both a water-damages exclusion and a hurricane-deductible endorsement. Allstate inspected Smith's home and estimated his covered property damage to be $4,553.11. Smith filed suit in federal court raising breach of contract, breach of implied covenants, breach of the duty of good faith and fair dealing, and fraudulent and/or negligent misrepresentation claims.[1] The parties stipulated that the damage to Smith's home was caused by rising water pushed by storm surge, and/or flooding. The district court granted summary judgment in favor of Allstate on the ground that Smith's policy does not cover hurricane storm surge damage. Smith filed a timely notice of appeal.

# II. STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, this court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. See Hockman v. Westward Commc'ns, L.L.C., 407 F.3d 317, 325 (5th Cir. 2004). In reviewing the evidence, this court therefore

---

[1] Smith withdrew his fraudulent and/or negligent misrepresentation claim.

"refrain[s] from making credibility determinations or weighing the evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

Because this is a diversity case, this court applies the substantive law of Mississippi. Mulberry Square Prods. v. State Farm Fire & Cas. Co., 101 F.3d 414, 420 (5th Cir. 1996) (citing Sentry Ins. v. R.J. Weber Co., 2 F.3d 554, 556 (5th Cir. 1993)). "'The reach of an insurance contract . . . is a matter of law that we review de novo.'" Id. (quoting Sentry, 2 F.3d at 556).

### III. ANALYSIS

The sole issue on appeal is whether Smith's policy covers damages resulting from storm surge. The two policy provisions at issue are the water-damages exclusion and the hurricane-deductible endorsement.

The water-damages exclusion expressly excludes coverage for damages resulting from a "flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of above, whether or not driven by wind." Smith argues that, under Mississippi law, this provision does not unambiguously exclude coverage for damage resulting from storm surge. This court has rejected this argument in a case involving a virtually-identical exclusion under Mississippi law. See Tuepker v. State Farm Fire & Cas. Co., Case No. 06-61075, __ F.3d __, 2007 WL 3256829, *5 (5th Cir. Nov. 6, 2007).[2] Thus, Smith's argument is foreclosed by Circuit precedent.

Smith's policy also contains a hurricane-deductible endorsement, which alters his deductible for damages during a hurricane "caused by windstorm, or by any object(s) driven by windstorm." Notwithstanding the language in the endorsement that "[a]ll other provisions of the policy apply," Smith argues that this endorsement expands coverage to include damages resulting from storm

---

[2] The policy in Tuepker excluded coverage for damages resulting from a "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, spray from any of these, all whether driven by wind or not." 2007 WL 3256829, at *4.

surge during a hurricane.  This court likewise rejected this argument under Mississippi law in Tuepker.  2007 WL 3256829, at *7.[3]  Thus, this argument is also foreclosed by Circuit precedent.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

[3] The endorsement in Tuepker altered the deductible for damages during a hurricane "caused by wind, wind gusts, hail, rain, tornadoes, or cyclones caused by or resulting from a hurricane" and indicated that "[a]ll other policy provisions apply."  2007 WL 3256829, at *4.